UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ULYESSES HAYES, JR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | NO. CV 11-6490 JSL (FMO) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Rule 4(m) of the Federal Rules of Civil Procedure requires the summons and complaint to be served on all defendants no later than 120 days after the filing of the complaint. The Complaint in this case was filed on August 15, 2011, more than 190 days ago. By Order dated August 17, 2011, plaintiff was directed to serve promptly the Summons and Complaint on defendant and file two copies of the proof of service with the Court within thirty (30) days of the filing of the Court's order. It appears from the record that plaintiff has failed to complete service as ordered or file the required proof of service.

On January 6, 2012, plaintiff was ordered to show cause ("Court's Order to Show Cause"), on or before January 23, 2012, why this action should not be dismissed for plaintiff's failure to complete service of the Summons and Complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Court's Order to Show Cause at 1). Plaintiff was ordered to show cause

in writing by filing a declaration signed under penalty of perjury. (See id.). Plaintiff was also advised that failure to file such a declaration or to show cause as ordered would result in dismissal of this action for failure to prosecute. (See id. at 1-2). Plaintiff did not file any response to the Court's Order to Show Cause.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected within 120 days of the filing of the complaint. See also Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 & n. 4 (10th Cir. 1994) (Unless good cause is established as to why service cannot be made, Rule 4(j), which is now Rule 4(m), requires dismissal of action without prejudice.). In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89 (1962) (sua sponte authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. See Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1992, as amended May 22, 1992) (per curiam), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986); cf. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (finding an abuse of discretion in allowing defendant to be served more than seven years after plaintiff filed his amended complaint without district court considering any relevant factors in favor of dismissal). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1260-61 (internal quotation marks and citation omitted); accord Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, 538 U.S. 909, 123 S.Ct. 1481 (2003); Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

1    Here, the Magistrate Judge specifically advised plaintiff that if he did not file a response to the Court's Order to Show Cause by January 23, 2012, his action might be dismissed for lack of prosecution. (See Court's Order to Show Cause at 1-2). In addition, plaintiff's failure to file a response to the Court's Order to Show Cause means that the Court has no knowledge as to whether (or when) the Complaint was served on defendant. Nor does the Court have any basis to determine whether good cause exists for not serving defendant. See Despain, 13 F.3d at 1438 & n. 4. This action cannot move toward disposition if the Complaint has not been served. In short, pursuant to Rules 4(m) and 41(b), and the Court's inherent power to achieve the orderly and expeditious disposition of cases, see Link, 370 U.S. at 629-31, 82 S.Ct. at 1388-89, and in light of the factors outlined in Ferdik, Pagtalunan, Thompson, and Henderson, dismissal of this action is appropriate for plaintiff's failure to effect service and to comply with the Court's Order of August 17, 2011, and the Court's Order to Show Cause.

   Based on the foregoing, IT IS ORDERED THAT the above-captioned action is **dismissed without prejudice** for failure to effect service and comply with the Court's Orders.

DATED: 2/27, 2012.

/s/ Spencer Letts
J. SPENCER LETTS
SENIOR UNITED STATES DISTRICT JUDGE